No. 739
BLOCK et v. JUNG ARCH BRACE CO.
U. S. Appeals, Sixth Circuit
No. 4022. Decided July 2, 1924

**1181. TRADE-MARKS AND TRADE-NAMES**—1. Words "wonder" and "miracle", applied to arch supports, held not to infringe trade-mark "wizard."

2. Colorable imitation of mark defined as "infringement."

3. Necessary elements similarity in sound or appearance held to constitute infringement, when there is no identity of names, stated.

4. When use of single word may infringe trade-mark consisting of different word, stated.

PER CURIAM.

*Epitomized Opinion*

This was an action by Block and another for an injunction. Block claimed that the Brace Co. was infringing upon his registered trade-mark with the use of the words "Wonder" and "Miracle" upon elastic arch supports. The name that Block had been using was "Wizard." While the goods of both parties served somewhat the same purpose, that of supporting or strengthening the falling arch in the foot of the wearer, they were of a very different type, material and appearance. Block's support consisted of an adjustable leather insert to be placed in the shoe while the Brace Co.'s consisted of an elastic band fitting over the instep and fastening under and supporting the arch. Moreover, the respective trade-marks were in no wise similar in appearance. As the District Court denied an injunction, Block prosecuted error. In affirming the judgment of the lower court, the U. S. Circuit Court held:

1. Where label and dress of package were quite dissimilar, defendant's use of the words "wonder" and "miracle" on elastic arch supports held not to infringe plaintiff's trade-mark "wizard" used on an adjustable leather insert placed in shoes to support fallen arches.

2. "Infringement" of a trade-mark consists in unauthorized use or colorable imitation of the mark already appropriated by another, on goods of a similar class.

3. To constitute infringement, when there is no identity of names respectively appropriated for use, there must be such similarity in sound or appearance, or in dress of goods, as will cause confusion in minds of public as to source of manufacture.

4. Where there is similarity of sound and appearance of trade-mark, or in dress of goods, use of one word may constitute infringement of entirely different word.

**Attorneys**—James L. Hopkins, for Block et al; Walter F. Murray, for Brace Co.